-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAMON EDUARDO RAMOS,

               Plaintiff,

      -v-                             12-CV-0157M
                                        **ORDER**

AGENT RYAN WINIEWICZ, AGENT PAUL BISHOP,
AGENT JHON CRABTREE, AGENT JHON KEANE,
AGENT DANIEL ROBINSON, AGENT ANNE M. MILLER,
MICHAEL PHILLIPS, ICE-DHS, U.S. MARSHAL AGENT
(JHON OR JANE DOE), DEPORTATION OFFICER GUNTHER,
TRACY HAYNES,

               Defendants.



---

### INTRODUCTION

      Plaintiff, Ramon Eduardo Ramos, who is currently detained at the Buffalo Federal Detention Facility,[1] has filed this *pro se* action on a form used for filing prisoner actions under 42 U.S.C. § 1983, but since the defendants are agents or employees of the federal government, this Court construes the claims herein to be brought under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 398 (1971) (Harlan, J., concurring). *See* <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a pro se plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they could suggest'") (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787,

---

      [1]Because it appears that plaintiff currently is an immigration detainee, the Prisoner Litigation Reform Act, specifically 28 U.S.C. § 1915(b) and 1915A, does not apply to him. *See, e.g.*, <u>Tavares v. Attorney General USA</u>, No. 06-3185, 2007 WL 28255 (3d Cir., Jan. 4, 2007).

790 (2d Cir. 1994)); *see also* <u>Tavarez v. Reno</u>, 54 F.3d 109, 109-10 (2d Cir.1995) (approving district court's conversion of pro se plaintiff's § 1983 claims to <u>Bivens</u> claims). Plaintiff also seeks permission to proceed *in forma pauperis* (Docket No. 3) and the appointment of counsel (Docket No. 4).

Plaintiff's complaint (Docket No. 1), which is supplemented by another document entitled "Complaint" (Docket No. 2), is far from a model of clarity but appears to allege, as best the Court can discern, that during his arrest by agents of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") he was injured (his foot was stepped on by Agent Winiewicz) (Docket No. 1, Complaint, Attachment #2; Docket No. 2), and that none of the ICE Agents involved in the arrest took any action to obtain medical care or treatment for his injuries. He also alleges that at some time after the arrest he was taken to the Buffalo Federal Detention Facility where he received some medication but the injury had become infected and "nothing was done[,]" (Docket No. 1, Complaint; Docket No. 2) and that a "humanitarian parole," which would have allowed him to obtain proper medical treatment at a hospital, was denied by defendant Michael Phillips, ICE Field Office Director. Eventually, he convinced medical staff to get him seen at a hospital, where he underwent surgery, but he claims he still suffers from pain and nerve damage caused by the inadequate medical

treatment.    (Docket   No.   1,   Complaint,   Grievance   Form   #11-002)
(Attached to Complaint).)[2]

In addition to the claim of inadequate medical treatment and
deliberate   indifference,   plaintiff   raises   what   appear   to   be
allegations related to his criminal conviction in this Court and
appeal, and his immigration removal proceedings.

For  the  following  reasons,  (1)  plaintiff's  application  to
proceed in forma pauperis is granted, (2) his motion for appointment
of counsel is denied at this time without prejudice,[3] (3) any claims
related to plaintiff's criminal conviction and appeal, including any
claims against defendant Tracy Hayes, Assistant Federal Public
Defender, are dismissed, and (4) and the claims against defendants
ICE Agents Ryan Winiewicz, Paul Bishop, Jhon Crabtree, Jhon Keane,
Daniel   Robinson,   and   Anne   M.   Miller,   and,   ICE   Field   Officer
Director, Michael Phillips, ICE Deportation Officer Gunther, and
Jhon and Jane Doe, U.S. Marshal "Agent," with respect to the
allegations   of   inadequate   medical   treatment   and   deliberate

---

[2] "[T]he court may consider facts set forth in exhibits attached as part of
the complaint as well as those in the formal complaint itself."   Chance v.
Armstrong, 143 F.3d 698, 698 n.1 (2d Cir. 1998); see Cortec Industries, Inc. v.
Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to
include any written instrument attached to it as an exhibit or any statements or
documents incorporated in it by reference.")

[3] A more fully developed record will be necessary before the Court can
determine whether plaintiff's chances of success warrant the appointment of
counsel.   Therefore, plaintiff's motion is denied without prejudice to its
renewal at such time as the existence of a potentially meritorious claim may be
demonstrated.  See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (when
determining whether to appoint counsel, the Court must first look to the
"likelihood of merit" of the underlying dispute).

indifference under <u>Bivens</u> will be dismissed with prejudice unless plaintiff files an amended complaint against them as directed below.

Additionally, to the extent plaintiff may be seeking relief with respect to an order removal or removal proceedings said claims are dismissed because the Court has no jurisdiction to review orders of removal. *See* 8 U.S.C. § 1252(a)(5); *see also* <u>Gittens v. Menifee</u>, 428 F.3d 382, 383 (2d Cir.2005) ("The REAL ID Act 'eliminates habeas corpus review of orders of removal ....' ") (quoting <u>Marquez-Almanzar v. INS</u>, 418 F.3d 210, 212 (2d Cir.2005)); <u>Batista-Espinal v. U.S.</u>, No. 09-CV-4866 DLI, 2012 WL 243270, at *1 (E.D.N.Y., January 24, 2012) (federal courts lack jurisdiction to review decisions by ICE to initiate removal proceedings against aliens) (citing 8 U.S.C. § 1252(g)). Under the REAL ID Act, the only means to seek review of a final order of removal is a petition for review filed in the circuit court in the judicial circuit in which the immigration judge completed the proceedings. 8 U.S.C. § 1252(b)(2).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the

factual allegations and must draw all inferences in plaintiff's
favor.  *See* <u>Larkin v. Savage</u>, 318 F.3d 138, 139 (2d Cir. 2003)
(per curiam); <u>King v. Simpson</u>, 189 F.3d 284, 287 (2d Cir. 1999).
While "a court is obliged to construe [*pro se*] pleadings
liberally, particularly when they allege civil rights violations,"
<u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004), even
pleadings submitted *pro se* must meet the notice requirements of
Rule 8 of the Federal Rules of Civil Procedure.  <u>Wynder v.
McMahon</u>, 360 F.3d 73 (2d Cir. 2004).  "Specific facts are not
necessary," and the plaintiff "need only 'give the defendant fair
notice of what the ... claim is and the grounds upon which it
rests.' "  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting
<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal
quotation marks and citation omitted); *see also* <u>Boykin v. Keycorp</u>,
521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in
*pro se* cases after <u>Twombly</u>; "even after <u>Twombly</u>, dismissal of a
pro se claim as insufficiently pleaded is appropriate only in the
most unsustainable of cases." ).  Generally, the Court will afford
a *pro se* plaintiff an opportunity to amend or to be heard prior to
dismissal "unless the court can rule out any possibility, however
unlikely it might be, that an amended complaint would succeed in
stating a claim." <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (quoting <u>Gomez
v. USAA Federal Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999)
(*per curiam* )).

Plaintiff brings this action pursuant to <u>Bivens</u>.  In order to state a valid claim under <u>Bivens</u>, the plaintiff must allege "that he has been deprived of a constitutional right by a federal agent acting under color of federal authority."  <u>Thomas v. Ashcroft</u>, 470 F.3d 491, 496 (2d Cir. 2006).

### 1.  Claims Relating to Plaintiff's Criminal Conviction

As noted, the complaint and its supplement (Docket No. 2) are not models of clarity and are often times confusing as to the true nature of plaintiff's allegations and claims.  While it is clear that plaintiff is complaining about a lack of proper medical care and treatment he received following an arrest by ICE Agents during which he suffered an injury (presumably a laceration which later became infected) and while he was detained at the Buffalo Federal Detention Facility and the Niagara County Jail by ICE and the U.S. Marshals Service, plaintiff also raises issues related to his criminal conviction and an appeal related to the conviction.  His complaint requests, in addition to monetary damages, "injunctive and declaratory relief, I want my citizenship , I want the indictment #10-CR-331-RJA to be dismissed . . . ."  (Complaint, ¶ 5A., First Claim, at 5.)

Plaintiff was convicted upon a plea of guilty to the offense of Willfully and Knowingly Making a False Statement In a Matter Within the Jurisdiction of the United States Government (18 U.S.C. § 1001(f)), and sentenced to time served and a three year period

6

of supervised release.   The Court also directed plaintiff to be
delivered to a duly authorized immigration official for
deportation proceedings, pursuant to 18 U.S.C. § 3583(d).   (U.S.
v. Ramos Mora, 10-CR-331A, Docket 11, Judgment.)   Plaintiff's
notice of appeal from the conviction was dismissed by the United
States Court of Appeals for Second Circuit for his failure to
either pay the filing fee or move for *in forma pauperis* in the
district court.   (Id., Docket No. 14 (Mandate).   Plaintiff has
filed a motion to proceed *in forma pauperis* (id., Docket No. 15),
and a motion for reconsideration of the Mandate was forwarded to
the Court of Appeals on November 4, 2011.

To the extent plaintiff may be challenging his criminal
conviction within the confines of this Bivens action it must be
dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 484 (1984).
In Heck, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconsti-
> tutional conviction or imprisonment, or for other harm
> caused by actions whose unlawfulness would render a
> conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence  has been
> reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make
> such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that
> relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983.

Id.; *see also* Tavares, 54 F.3d at 110; Duamutef v. Morris, 956
F.Supp. 1112, 1115-18 (S.D.N.Y.1997).   The "favorable termination

rule" of <u>Heck</u> applies equally to <u>Bivens claims</u>. *See Tavares*, 54 F.3d at 110 (<u>Heck</u> applies to <u>Bivens</u> actions); *see also* <u>Traficant v. U.S.</u>, No. 4:02CV188, 2002 WL 553724, at *3 (February 1, 2002) (district court cited to <u>Heck</u> as another basis for its decision not to entertain plaintiff's request to enjoin criminal proceedings: "[T]he rationale of <u>Heck</u> prohibits courts from granting injunctive relief which would, in effect, require a court in a civil proceeding to render a decision regarding the validity of a pending criminal prosecution.")

Additionally, to the extent plaintiff may be seeking some type of injunctive relief in relation to the criminal conviction and appeal, the Court cannot entertain said request.[4] *See* <u>Younger v. Harris</u>, 401 U.S. 37, 43-44 (1971). The Court is bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." <u>Younger</u>, 401 U.S. at 43-44. <u>Younger</u> has been applied to *federal* criminal prosecutions. <u>Miranda v. Gonzales</u>, No. 05-5066, 173 Fed.Appx. 840, 2006 WL 592928, at *1 (D.C. Cir. Feb. 16, 2006); <u>Deaver v. Seymour</u>, 822 F.2d 66, 69-70 (D.C. Cir. 1987); <u>Traficant</u>, 2002 WL 553724, at *3. Accordingly, to the extent

---

[4]If plaintiff seeks to challenge the conviction, other than through an appeal, he may wish to consider filing a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

plaintiff seeks to obtain an injunction in relation to his criminal conviction and appeal, said claim must be dismissed.

### 2. Bivens Claims Against Plaintiff's Defense Attorney

Plaintiff names as a defendant his court-appointed criminal defense counsel, Assistant Federal Public Defender Tracy Hayes. Whatever the true nature of plaintiff's allegations against Mr. Hayes may be, it is clear that Mr. Hayes is not a federal actor for purposes of Bivens. Faison v. Maccarone, 2012 WL 681812, at 13, n.19 (E.D.N.Y., March 1, 2012) (citing McCurvin v. Law Offices of Koffskey & Walkley, No. Civ.A.3:98CV(SRU), 2003 WL 223428, at *3 (D.Conn. Jan.27, 2003) ("the defendants did not assume a federal status by being appointed defense counsel."). Accordingly, any claims against this defendant Hayes must be dismissed.

### 3. Bivens Claims Against ICE Agents and Phillips

As noted, plaintiff alleges that upon his arrest by ICE Agents on July 9, 2010, Agent Winiewicz stepped on his foot and laughed at him, and "acte[d] maliciously and sadistically for the very purpose of causing me harm and pain, he acted with delibera[te] indifference to my rights, directly participated in the wrong also he never reported the incident." (Docket No. 1, Complaint, Attachment #2.) He similarly alleges that the other ICE Agents involved in the arrest "acted with delibera[te] indifference" and "did nothing to prevent the wrong [or] report

9

the incident . . . ."   (Docket No. 1, Complaint, Attachment #2).
He also alleges that Phillips, ICE's Field Office Director, denied
him the opportunity to receive medical care from an outside
hospital when he denied plaintiff's request for "humanitarian
parole" and acted with "delibera[te] indifference."   (Id.)

Plaintiff alleges that he received surgery at Erie County
Medical Center on November 5, 2010, and that at least three times,
presumably following the surgery and prior to his conviction when
he was in the custody of the U.S. Marshals Service, he was seen at
the Hospital for recurring pain in his leg.   At some time he
claims he was detained at the Niagara County Jail, presumably
prior to his conviction, and that while the surgeon ordered
physical therapy he was denied it by the U.S. Marshal.[5]

As noted, under Bivens a plaintiff may bring claims against
federal agents or officers in their personal capacity based on
alleged violations of certain constitutional rights.   Bivens, 403
U.S. at 397.   "To state a claim under Bivens, a plaintiff must
allege that an individual defendant personally committed a
specific wrongful act that violated a well-established
constitutional right of which a reasonable person would have

---

[5]This is presumably the basis of plaintiff's claim against Jhon or Jane
Doe, U.S. Marshal, and, if so, plaintiff's amended complaint will need to set
forth further allegations sufficient to state a claim against the individual or
individuals at the U.S. Marshals Service that he claims denied him adequate
medical treatment and, if he cannot identify said individual(s) by name, also set
forth whatever identifying information he may have--e.g., physical description,
date of the alleged misconduct, etc.--that could assist the Court and/or counsel
who may appear for the defendants in attempting to identify said individual(s).
See Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam).

known." Adekoya v. Holder, 751 F.Supp.2d 688, 694 (S.D.N.Y. 2010)
(citing Barbera v. Smith, 836 F.2d 96, 99 (2d Cir.1987); Harlow v.
Fitzgerald, 457 U.S. 800, 817-18 (1982) (holding that "bare
allegations of malice should not suffice to subject government
officials either to the costs of trial or to the burdens of
broad-reaching discovery")). Additionally, in order to be subject
to liability under Bivens, a federal official must have been
personally involved in the alleged constitutional violation;
simply being in a supervisory position is not sufficient. *See*
Thomas, 470 F.3d at 496-97.

To the extent plaintiff was either a pre-trial detainee or
civil immigration detainee at the time of the alleged deliberate
indifference, rather than a convicted prisoner, his claims of
deliberate indifference are analyzed under the Fifth Amendment's
Due Process clause, rather than the Eighth Amendment's Cruel and
Unusual Punishment clause. *See* Adekoya, 751 F.Supp.2d at 694-95,
n.4 (citing Cuoco v. Moritsugu, 222 F.3d 105, 106 (2d Cir. 2000)
(pre-trial detainee is not being punished and is thus protected by
Fifth Amendment's Due Process Clause rather than the Eighth
Amendment); Doherty v. Thornburgh, 943 F.2d 204, 208 (2d Cir.1991)
(The Fifth Amendment's due process protection extends to
deportable aliens in detention) (citing Wong Wing v. United
States, 163 U.S. 228, 238 (1896)). The standards under both the

Fifth and Eighth Amendments are the same however.  *See* <u>Cuocco</u>, 222 F.3d at 106.

In order to prove "a claim arising out of inadequate medical care [under Due Process], a prisoner must prove 'deliberate indifference' to [his] serious medical needs." <u>Chance v. Armstrong</u>, 143 F.3d 698, 702 (2d Cir.1998) (quoting <u>Estelle</u> v. <u>Gamble</u>, 429 U.S. 97, 104 (1976).  This standard involves both (1) "an objective [medical needs] element measur[ing] the severity of the alleged deprivation, [and 2] a subjective 'deliberate indifference' element [that] ensures that the defendant prison official acted with a sufficiently culpable state of mind." <u>Smith v. Carpenter</u>, 316 F.3d 178, 183-84 (2d Cir.2003) (quoting <u>Chance</u>, 143 F.3d at 702; and citing <u>Hathaway v. Coughlin</u>, 99 F.3d 550, 553 (2d Cir.1996).

As noted above, broadly construed, plaintiff alleges that the ICE Agents involved in his arrest ignored his need for medical treatment after he was stepped on by Agent Winiewicz during the arrest, and that while he was in the custody of the U.S. Marshals Service and/or ICE, he was denied adequate medical treatment.  He claims that Phillips denied him a humanitarian release so that he could be treated at a hospital, and that even after surgery was performed he had to return to the hospital for treatment and was denied physical therapy services.  The complaint alleges neither a serious medical need (objective element) nor that the defendants

were deliberately indifferent (subjective element) to said need.
Simply alleging that he was denied treatment by the ICE Agents
following the alleged injury and that the defendants were
"deliberat[ely] indifferent" is too conclusory to allege a claim
of a denial of medical care in violation of the Fifth Amendment.
*See* Iqbal v. Ashcroft, 556 U.S. 662, ---, 129 S.Ct. 1937, 1951
(2009) ("bare assertions" that "amount to nothing more than a
formulaic recitation of the elements of a constitutional ...
claim" do not state a claim upon which relief can be stated
sufficient to withstand a motion to dismiss) (internal quotations
omitted)).   Such "conclusory" allegations of misconduct are "not
assumed to be true."  Id.

Because plaintiff is *pro se*, the Court will provide him with
an opportunity to file an amended complaint against the ICE
Agents, Phillips, Gunther, and Jhon or Jane Doe, U.S. Marshal
Agent, who he claims denied him adequate medical treatment.  *See*
Abbas, 480 F.3d at 639; *see, e.g.*, McEachin v. McGuiniss, 357 F.3d
197, 200 (2d Cir. 2004) ("We have frequently reiterated that
'[s]ua *sponte* dismissals of *pro se* prisoner petitions which
contain non-frivolous claims without requiring service upon
respondents or granting leave to amend is disfavored by this
Court.' ") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693
F.2d 987, 990 (2d Cir. 1982)); Benitez v. Wolff, 907 F.2d 1293,
1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro*

*se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact.  Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

Accordingly, plaintiff will be provided an opportunity to amend his complaint to state a claim of a denial of adequate medical care and deliberate indifference against the ICE Agents, Phillips, Gunther and Jhon or Jane Doe, U.S. Marshal "Agent," only.  The amended complaint should, at the least, include facts, not conclusions of law, and specify (i) the alleged act or acts of denial of medical care and deliberate indifference of each defendant and how each defendant was personally involved in said denial of medical care and deliberate indifference, (ii) the date on which such alleged act(s) of denial of medical care and deliberate indifference occurred, and (iii) the connection or nexus between the alleged denial of medical care and deliberate indifference and plaintiff's constitutional rights.  *See* Fed.R.Civ.P. 8 and 10.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* is hereby granted.  For the reasons discussed above, to the extent plaintiff's claims seek to challenge his removal proceedings

14

and/or an order of removal or seek to challenge his underlying criminal conviction or seek an injunction in relation to the conviction or appeal from said conviction said claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as are the claims against defendant Hayes.  In addition, plaintiff's claims against ICE Agents Winiewicz, Bishop, Crabtree, Keane, Robinson, and Miller, and ICE Field Office Director, Michael Phillips, Gunther, ICE Deportation Officer, and Jhon or Jane Doe, U.S. Marshal Agent, must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless plaintiff files an amended complaint which includes the necessary allegations regarding the remaining claims related to plaintiff's medical care and treatment or lack thereof only as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect."  International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going

forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted and his motion for the appointment of counsel is denied without prejudice;

FURTHER, that to the extent plaintiff's claims seek to challenge his removal proceedings and/or an order of removal or seek to challenge his underlying criminal prosecution or seek an injunction in relation to the conviction or an appeal from said conviction said claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), as are the claims against defendant Hayes;

FURTHER, that the Clerk of the Court is directed to terminate defendant Hayes as a party to this action;

FURTHER, that plaintiff is granted leave to file an amended complaint against defendants ICE Agents Winiewicz, Bishop, Crabtree, Keane, Robinson, and Miller, and ICE Field Officer Director, Michael Phillips, Gunther, ICE Deportation Officer, and Jhon or Jane Doe, U.S. Marshal Agent, regarding <u>only</u> his claims alleging the denial of adequate medial care and deliberate indifference as directed above by **April 30 2012**;

16

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **April 30, 2012**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that if plaintiff has not filed an amended complaint by **April 30, 2012**, the Clerk of the Court is directed to close this case as dismissed with prejudice; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:     March 22, 2012
           Rochester, New York