UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAMON EDUARDO RAMOS,

Plaintiff,

-v-

AGENT RYAN WINIEWICZ, et al.,

Defendants .

DECISION AND ORDER
12-CV-0157M

FILED

DEC 4 2012

MICHAEL J. ROEMER, CLERK

---

Plaintiff has filed this *pro se* action seeking relief under *Bivens v. Six Unknown Agents*, 403 U.S. 388, 398 (1971). It now appears that the Court may not have plaintiff's current address. The last update of plaintiff's address the Court had received from plaintiff was a telephone call to the Office of the Clerk on September 24, 2012, advising the Court of an address in Florida, which the Clerk noted initially on the Docket as 2270 Nova Drive, Babie, FL 33314, but due to the difficulty in understanding plaintiff, the Office of the Clerk was not certain of the correctness of this address[1] and informed plaintiff when he called that he had to put the new address in writing and forward it to the Court immediately. The Court has received no current address from plaintiff in writing as he was instructed and is required by the Court's Local Rules, Rule 5.2(d).

On October 10, 2012, the Court had dismissed a petition for a writ of habeas corpus that had been filed by plaintiff challenging his detention pending removal based on the fact

---

[1] The best the Office of the Clerk could understand when plaintiff called was that his address was 2270 Nova Drive, Babie, Florida 33314. This address was initially noted on the Docket. A search of the internet by zip code and address showed an address of "2270 Nova Village Drive, Davie, Florida 33317", and this is the address which the Clerk has noted on the Docket currently. A search for a city, town or village in Florida by the name of "Babie" revealed no such city, town or village by that name.

that plaintiff had been removed from this country on August 27, 2012, by the Department of Homeland Security, Immigration and Customs Enforcement.[2] The Court notes the inconsistency between the date plaintiff was removed from this country, August 27, 2012, and the date plaintiff contacted the court regarding a current address in Florida, September 24, 2012.

Based on all of this, it appears that plaintiff has failed to provide the Court in writing with an address where papers may be served.

Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant . . . . In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately **in writing** of any change of address. Failure to do so may result in dismissal of the case with prejudice." Local Rule of Civil Procedure 5.2(d) (emphasis in bold added).

Accordingly, **plaintiff is directed to provide the Court with an address where papers may be served by January 3, 2013, or the case will be dismissed with prejudice without further order of the Court.**

The Clerk of the Court is directed to forward copies of this Order to plaintiff at the following addresses: 2270 Nova Village Drive, Davie, Florida 33317; 2270 Nova Village Drive, Davie, Florida 33314; and 2270 Nova Drive, Babie, Florida 33314. *See* n. 1, *supra*.

---

[2]Plaintiff was ordered removed pursuant to the Immigration and Nationality Act, Sections 237(a)(2)(A)(i) (conviction for crime of "moral turpitude"), 237(a)(2)(B)(i) (conviction for crime relating to a "controlled substance"), and 237(a)(2)(A)(iii) (conviction for a crime that is an "aggravated felony"), 8 U.S.C. §§ 1227 237(a)(2)(A)(i), (a)(2)(B)(I), and (a)(2)(A)(iii). (12-CV-0532M, Docket No. 10, Motion to Dismiss, Affidavit of Gail Mitchell, Exh. A, Warrant of Removal/Deportation.)

If plaintiff fails to provide an address in writing by January 3, 2013, the Clerk of the Court is directed to close this case as dismissed with prejudice without further order of the Court.

SO ORDERED.

Dated: DEC. 3, 2012
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge