UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAMON EDUARDO RAMOS,
A#079421938

          Plaintiff,

    -v-

AGENT RYAN WINIEWICZ, *et al.*,

          Defendants.
_____

**DECISION AND ORDER**
12-CV-00157(EAW)(JJM)

      *Pro se* plaintiff Ramon Eduardo Ramos, who is an immigration detainee currently detained at the Krome Detention Center in Miami, Florida, filed this action back in 2012, when he was then an immigration detainee confined at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York. Complaint [1].[1] The Court (the late Hon. Michael A. Telesca) construed plaintiff's Complaint as being brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 389 (1971) (Harlan, J., concurring), because plaintiff alleged, among other things, that his constitutional rights were violated at BFDF by agents of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") and that his criminal conviction was unlawful. March 23, 2012 Order [5].

      The Court granted plaintiff permission to proceed *in forma pauperis* and screened the Complaint under 28 U.S.C. §1915(e)(2)(B). The Court dismissed several claims with prejudice, including any claims related to plaintiff's criminal conviction and appeal therefrom, and dismissed the remaining claims but with leave to file an amended complaint. Id. The Court also

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

found that to the extent plaintiff may have been seeking relief from a final order of removal or removal proceedings, any such claims had to be dismissed because the Court had no jurisdiction to review orders of removal. Id. at 4 (*citing* 8 U.S.C. §1252(a)(5); Gittens v. Menifee, 428 F.3d 382, 383 (2d Cir. 2005)). Plaintiff filed an Amended Complaint [6], but failed to provide an updated address for service of papers as required under Loc. R. Civ. P. 5.2(d) and, therefore, this case was dismissed with prejudice, and Judgment was entered on January 15, 2013 [10].

Plaintiff now has filed a letter, which has been docketed as a Motion for Release from Detention [11], and a Motion to Proceed *in forma pauperis* [12]. Plaintiff appears to assert that (1) he was transferred from BFDF in April 2012 and did not receive any correspondence from the Court related to this action, (2) ICE used a voided criminal record to unlawfully remove him to his native country of Colombia on August 25, 2012, and (3) ICE is unlawfully detaining him at the Krome Detention Center and again is seeking to remove him based on the same unlawful conviction.

## CONCLUSION

Because this case was dismissed with prejudice and because the Court has no jurisdiction to entertain plaintiff's Motion for Release from Detention at the Krome Detention Center in Miami, Florida,[2] the Motion for Release from Detention is denied, without prejudice to the filing of a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida, and the Motion to Proceed *in forma pauperis* is denied, without prejudice as moot.

---

[2]  With respect to "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

The Clerk of Court is respectfully directed to mail plaintiff a copy of this Decision and Order, as well as a blank form application for a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

**SO ORDERED**.

Dated: June 30, 2022

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge